# UNITED STATES DISTRICT COURT
## WASHINGTON, DISTRICT OF COLUMBIA

**FILED**

FEB 2 3 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

HANAN S. RASHADA
P.O. Box 14211
Cleveland, OH 44114
(216) 704-9399

             ' laintiff,

vs.

ALBERTO R. GONZALES, ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202) 353-1555

             Defendant.

       \
CASE NUMBER  1:07CV00394

JUDGE: James Robertson

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/23/2007

)
)
)
)
)
)
)
)

---

## COMPLAINT FOR RECORDS AND INFORMATION THAT DO NOT FALL UNDER THE PURVIEW OF THE FREEDOM OF INFORMATION AND PRIVACY ACT

### INTRODUCTION

COMES NOW, the plaintiff, Hanan S. Rashada, (hereinafter referred to as "Rashada" or "the plaintiff") and states the following:

This Complaint was initially filed in the United States District Court, Northern District of Ohio, Eastern Division on January 19, 2007. A Poverty Affidavit was filed along with it. The plaintiff was informed by (the only) clerk at the Intake window who allegedly processed the complaint that the complaint would be upheld until such time as the Court made a ruling on her Poverty Affidavit.

Plaintiff was also informed by the same clerk that the filing fee was THREE HUNDRED FIFTY DOLLARS AND NO/100 ($350.00).

Following the January 19, 2007 filing, the plaintiff sent a courtesy copy to the offices of the U.S. Attorney in Washington, D.C.

On or about February 9, 2007, the plaintiff contacted the offices of the Attorney General in Washington, D.C. to inquire about the status of her complaint. At this time, she was allegedly transferred to the Docket Department where she spoke with someone who identified himself as Matt. Matt informed the plaintiff that her complaint was served on the offices of the Attorney General in Washington, D.C. on February 5, 2007. The plaintiff was suspicious of this information and on February 12, 2007, she approached the U.S. District Court in Cleveland to review her case file. When she approached the Filing Department, she was refused any assistance. Filing personnel were seated in the back of the filing room. When the plaintiff called out to them, they refused to respond. After she had waited for approximately 15 minutes, the same Intake clerk who allegedly filed the plaintiff's complaint on January 19, 2007 approached her to ask if she could help her. The clerk told the plaintiff that she would need her case number. When the plaintiff said she did not have the number that it could be searched by name, the clerk referred her to the computer database. When the plaintiff was unable to get the computer to operate, she approached the Intake window to request a copy of the docket. The docket states that the plaintiff's complaint was filed on January 19, 2007. *A copy if attached as Exhibit L.*

On February 22, 2007, the plaintiff (still) had not received a response from the offices of the Attorney General. At this point she contacted the U.S. District Court in Cleveland again and was informed by the Court's Intake clerk (the same one who allegedly filed the Complaint on January 19, 2007) informed the plaintiff that no action would be taken on the complaint until such time as the Court had a chance to make a ruling on the poverty affidavit. At this point, the plaintiff asked the clerk to transfer her to the Chambers of the Judge whose name was stamped onto her Complaint, that of Judge Kathleen O'Malley. Instead of transferring the plaintiff, the clerk disconnected the call. It was at this time, that the plaintiff decided to file this Complaint in the United States District Court in Washington, in the District of Columbia.

Therefore, in accordance with the Freedom of Information Act Guide, May 2004, Litigation Considerations:

> "The United States district courts are vested with exclusive jurisdiction over FOIA cases by section (a)(4)(B) of the Act, which provides in pertinent part:
>
> "On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." However, this statutory language, as the Supreme Court ruled in *Kissinger v. Reporters Committee for Freedom of the Press*, makes federal jurisdiction, ". . . dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdiction grant conferred by § 552, if the agency has contravened all three components of this obligation."

2

Therefore, may the Court be advised as follows:

1.    On November 9, 2006, the plaintiff telefaxed Freedom of Information and Privacy Act requests to office of David M. Hardy, Chief of the Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, Department of Justice, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001. *See Exhibit A.*

2    During a visit to Washington, D.C. on November 14, 2006, Rashada attempted to hand-deliver to the office of David Hardy, another original of her November 9, 2006 FOIPA requests that she had edited and re-dated November 13, 2006). *See Exhibit B.* Since she did not have an appointment to visit that office, the security guard standing on the outside of the Department of Justice told her that she would be unable to enter the Justice building. The plaintiff made several attempts to reach Mr. Hardy's office to make an appointment, to no avail. She kept reaching the voice recording of someone who identified herself as Viola Brown instructing her that she had reached the FOIPA office and to leave a message. The number she dialed was (202) 324-3000. Inasmuch as Rashada was unable to make an appointment to hand-deliver her FOIPA requests, she proceeded to the nearest Federal Express store (at 11th Street, N.W. in downtown Washington, D.C.; (202) 638-6343).

3.    In light of the fact that on a number of occasions, plaintiff's outgoing mails, were mysteriously intercepted, lost or displaced, coupled with the fact that she was uncomfortable with the fact that she was unable to reach the office of David Hardy, she decided to Federal Express her FOIPA requests to the office of the Director of the FBI instead of Mr. Hardy's offices with a note to pass it on.

4.    The following day, after returning to Cleveland, Ohio, the plaintiff contacted the tracking office at Federal Express to confirm that her FOIPA requests package was delivered. The information she received is that the package was delivered the morning of November 15, 2006 at 9:20 A.M. and was signed for by someone named T. Chase. *See Exhibit C.*

5.    Once again, after returning to Cleveland, Ohio, the plaintiff tried on several occasions to reach the office of David Hardy, to no avail. She continued to receive the voice recording of Viola Brown. On two occasions, she left messages for return calls and received responses from someone who identified herself as Marcia Daniels, FBI agent (She said that she returned calls made to the number where she reached the voice recorded message of Viola Brown. Rashada told her she had been trying to reach the office of David Hardy and that she kept reaching the voice recording of a Viola Brown. Ms. Daniels gave the plaintiff the number of Hardy's office and instructed her to try again. The plaintiff told Daniels that she wanted to make an appointment to view her records in the FBI Reading Room. Daniels replied that plaintiff would be unable to view her records in the FBI Reading Room; that the Reading Room was for viewing general documents and information. She told plaintiff that if she wanted to view general information to call (202) 324-9486 to make an appointment.

6.    The plaintiff called the number Daniels gave her and once again reached the voice recording of Viola Brown. After this, the plaintiff called the main switchboard of FBI

3

Headquarters in Washington, D.C.. When she asked the operator for Mr. Hardy's office, she was transferred to the voice recording of Viola Brown.

7.    On <u>December 1, 2006</u>, the plaintiff received notice from the office of David Hardy acknowledging receipt of her FOIPA requests. ***Exhibit D.***

8.    On <u>December 5, 2006</u>, she received another notice from the office of David Hardy requesting additional information needed to process her FOIPA requests. ***Exhibit E-1.***

9.    Under cover letter dated <u>December 8, 2006</u>, plaintiff returned Mr. Hardy's request for additional information. ***Exhibit E-2.***

10.    Later, the plaintiff received a <u>December 7, 2006</u> letter from Mr. Hardy Stating that searches were made, both of the automated and manual indices, but, no responses were forthcoming to her FOIPA requests. Hardy further cited plaintiff's right to file an administrative appeal. ***Exhibit F.***

11.    On <u>December 26, 2006</u>, plaintiff received another response from Mr. Hardy, (again) requesting additional information connected with her FOIPA requests that had been submitted to the Department of Health and Human Services that was deferred to Hardy's office. ***Exhibit G.***   Since this was the exact same request she had returned to Mr. Hardy on December 8, 2006, she did not respond to it.

12.    Early this year, the plaintiff received a letter dated <u>December 27, 2006</u> from David Hardy stating that the information and records sought in her FOIPA requests do not come under the purview of the Freedom of Information and Privacy Act guidelines. ***Exhibit H.***

13.    Plaintiff seeks records and information via of FOIPA requests for the following reasons:

a.    <u>Intelligence Technologies</u>.  Despite several complaints to the Courts and government officials, she continues to be sexually assaulted and harassed by mysterious operatives facilitating intelligence technologies and other equipment.  She seeks records and information via of FOIPA requests with the idea in mind that she might receive at least some semblance of answers to why she continues to be sexually assaulted and harassed, what government or civil office or group is responsible and why this matter is yet unresolved.

b.    <u>Cuyahoga Metropolitan Housing Authority (CMHA)</u>.  In January 2005, CMHA filed a complaint for forcible entry and detainer for moneys only against Rashada.  In response to CMHA's complaint, Rashada filed an answer and counterclaim for sexual assault, battery and harassment.  CMHA's complaint was dismissed.  Rashada's counterclaim was also dismissed by the Housing Court and appealed in the Eighth District Appellate Court.  The Eighth District Court of Appeals also dismissed the plaintiff's appeal.  After this, in May 2006, the plaintiff proceeded to appeal her case before the Ohio Supreme Court, *Case No. 2006-1055*.  In December 2006, however, the Ohio Supreme Court also dismissed plaintiff's appeal. Before the Ohio Supreme Court posted its ruling of December 20, 2006, however, CMHA had in early

4

November 2006, proceeded to file another complaint against Rashada in the Housing Court, that of *CMHA vs. Rashada, Case No. 06-CVG-30695.* A pre-trial in this case is set for January 24, 2007. CMHA's allegations in its second case against Rashada are technically the same as those stated in its first case. Moreover, despite plaintiff's tremendous efforts to seek relief and resolve her allegations, she continues to endure sexual assaults and harassment via mysterious operatives using intelligence technologies.

      c.    <u>Picture Exhibits</u>.

      (i).    Plaintiff can detect when operatives using invisibility and other technologies are present in her apartment (and elsewhere) by sensing them and by what she has described as electronic pulsating movements anywhere she may be both inside her apartment and sometimes in places of business. The plaintiff has tried relentlessly to prove her case to court officials as well as law enforcement personnel, without relief. Recently, however, upon detecting an electronic pulsating movement on her bed, plaintiff took a digital camera she had acquired and trained in on the area where she felt the electronic pulsating presence. After having the film developed, one of them showed results. Albeit somewhat blurred, the picture is that of the lower quadrant of a large-bottomed Caucasian female with her legs spread apart. That picture is attached and included here as ***Exhibit I.***

      (ii).    Other pictures included with this Complaint are pictures taken of the walls inside the plaintiff's residence, at the Riverview Towers Apartments, 1795 West 25th Street, Suite #732, Cleveland, Ohio 44113. These pictures show the markings and damage made to the walls of her apartment during those times when she made efforts to discourage the mysterious operatives who assaulted and harassed her. These pictures are included in one package and described as ***Exhibit J.***

      d.    <u>Medical Malpractice</u>.

      (i).    During the spring of 2006, the plaintiff contacted every medical facility she had visited to request copies of her medical records, especially from those doctors and medical facilities responsible for making erroneous and peculiar statements to various offices of government concerning her health, specifically the *County Medical Service* and the *Social Security Administration*. Unfortunately, however, she was (initially) unable to obtain any of her medical records from some medical facilities and sought relief for her records by filing complaints in the Cuyahoga County Court of Common Pleas (i.e., *Rashada vs. Kaiser Permanente, 12301 Snow Road, Cleveland, Ohio 44130-000; Case No. CV-06-590457, filed May 1, 2006; Rashada vs. Northeast Hough-Norwood Medical Center (NEON), 8300 Hough Avenue, Cleveland, Ohio 44103-0000; Case No. CV-06-588733, filed April 7, 2006 and Rashada vs. St. Michael's Hospital, c/o St. Vincent Charity Hospital, 2351 East 22nd Street, Cleveland, Ohio 44115-0001, Case No. CV-06-588846, filed April 10, 20006).* [Note: Other medical facilities that failed to deliver true records will be addressed at a later time.] Although she never received accurate records from Kaiser Permanente and St. Michael Hospital, these cases were dismissed by the Common Pleas. The case for NEON is still awaiting a judgment since April 2006.

(ii).    On December 7, 2006, the plaintiff approached the Brooklyn Library where she typed a Notice of Remedy to transmit to CMHA, her landlord. Afterwards, she had had dinner at Applebee's at Ridge Park Square. Just as she was about to finish, she experienced some discomfort in her stomach. She had not eaten since breakfast and thought this was the cause. Nonetheless, she took two Advil tablets. In the interim, she remembered that she and her dinner partner commented about the waitress and how attitudinal she seemed while making comments about the new smoking laws and the fact that her boss (the owner of the restaurant) would not allow his staff to smoke inside nor outside the restaurant, even when no customers were present.

(a)    The next day, December 8, 2006, the plaintiff visited a County Library (i.e., Brooklyn Branch, Ridge Road) where she uses word processors to type documents. Specifically, she typed letter responses to the Central Intelligence Agency and the Federal Bureau of Investigation concerning her FOIPA requests. Afterwards, while crossing the street, she felt something sharp hit her left thigh just above the knee. What is peculiar is that there was nothing visible that she could attribute to causing the pain in her thigh. Initially, she thought it might be a sharp pain that shot through her thigh, as very often she experiences sharp pains connected with what has been diagnosed as osteo-arthritis in her thighs, knees and legs. This time, however, it felt as though someone or something (not visible to her) had actually lit into her thigh. It took several minutes before she could collect herself enough to put any pressure on her leg and walk.

(b)    The next day was December 9, 2006. During the earlier part of the day, the plaintiff felt somewhat sluggish; but she had recuperated from the pain in her thigh. Later that evening, however, she began to feel somewhat feverish. This in addition to the fact that her left knee and thigh had begun to hurt again.

(c)    On December 10, 2006, the plaintiff felt a somewhat better again and walked to the store to buy groceries. Afterwards, she went home and to bed.

(d)    The following day, on December 11, 2006, the plaintiff hand-delivered one copy of Notice of Remedy to CMHA's legal counsel at CMHA Headquarters, 1441 West 25th Street, Cleveland, Ohio 44113. That evening, however, the plaintiff's left thigh and knee started to hurt again, much worse than the days before.

(e)    By December 12, 2006, the plaintiff laid around her apartment until approximately 4:30 or 5:00 o'clock p.m. when she got up to go to FedEx Kinko's to e-mail her follow-up response to the CIA and FBI concerning her FOIPA requests. She returned home approx. two hours later and climbed into bed. She had a terrible night that night. Fever moved into her entire body and pain throbbed throughout her entire left leg from the back of her butt down to her ankle.

(f)    By the following day, December 13, 2006, the plaintiff was barely able to rise from her bed and function.

(g)    Later that same afternoon, a knock came to her door and the plaintiff shuffled to it to answer. Before she could get the door open, she heard someone identify herself saying it was CMHA Management or something to this effect. The plaintiff opened the door to see a tall, somewhat heavyset, fair-skinned black woman standing there who is referred to in this complaint as Person A. Another black female, dark brown skinned, stood on the right side of the door behind the wall that is referred to in this complaint as Person B. [While the plaintiff could not see them from where she stood slightly bent over at the door, she send that other people occupied the nearby hallway). To most people, it would have been apparent that the plaintiff was very ill. Nevertheless, the fair-skinned woman blurted out, saying, *"You have to sign this recertification form".*   The plaintiff replied that CMHA had filed a complaint against in the Housing Court and that the hearing was continued to December 19, 2006; that the recertification matter would be addressed then. Person A responded saying, *"I didn't file nothing. But, you have to sign this recertification form or you're going to pay a "flat rent, or something to this effect."*  The plaintiff told Person A again that she would deal with the recertification at the December 19, 2006 hearing; but Person A replied that she was going to make plaintiff's rent $423.00 a month and would do it that day.

(h)    After this episode, the plaintiff returned to her bed and remained there. That night while lying in bed, she could sense something or someone in her bedroom. Whoever it was seemed to be standing near the closet on the right-hand side of plaintiff's bedroom. The plaintiff felt zaps coming from what she perceived to be tasers mostly. The zaps hit her left knee and part of her leg. This went on for a few minutes. At one point, she asked, *"Are you here to help me or hurt me."*  After this, she was zapped again before it stopped for a while. Later, she was awakened by a few more zaps before they stopped altogether.

(i)    On <u>December 14, 2006</u>, the plaintiff awakened around 7:00 a.m. unable to stand up. She fumbled around for a while inside her apartment until she was able to get dressed and hobble across the street to the Emergency Room at Lutheran Hospital.

(j)    Dr. James Cohen examined the plaintiff's left knee and ordered blood tests and X-rays. A nurse named Raquel who also inserted an IV starter in the event Dr. Cohen decided to keep the plaintiff overnight at the hospital drew blood. Nurse Raquel injected a clear colored liquid into the IV starter and told the plaintiff that the liquid would prevent her blood from clotting up the IV starter.

(k)    When the results of the blood tests and X-rays were returned, Nurse Raquel told the plaintiff that the swelling in her left knee was diagnosed as osteoarthritis. The plaintiff asked Nurse Raquel what about her fever, the fact that her body had been weak for two days and the fact that she could barely walk? Nurse Raquel said that osteo-arthritis affects the muscles like that and that she would give her a prescription for Naprocyn for pain. The label of the medication said, *"A Generic Equivalent Drug has been dispensed for EC-Naprosyn Naproxen EC 500MG Tablet (Ethex)".*  Nurse Raquel also instructed the plaintiff to get bed rest.

(l)    The plaintiff was later to discern that the pain caused to her left side most probably began with something in her dinner at Applebee's Restaurant on the evening of <u>December 7, 2006</u> and strongly suspects that (as it was rumored, some intelligence personnel

working her in Cleveland) were annoyed by the plaintiff's responses to the CIA and FBI Headquarters in Washington, D.C. concerning her FOIPA requests and retaliated against the her.

(m)    Plaintiff has the right to her medical records and the right to know who and why anyone would be so presumptuous as to perform medical procedures on her without her consent. Since no one in the province of Cuyahoga County seems able to provide this information, plaintiff proceeded to the Department of Justice and other offices of government who deferred her requests to the office of David Hardy. In addition to being sexually assaulted and harassed, intelligence technologies continue to be used to monitor plaintiff's brain activity and life interactions. As stated in earlier complaints to this Court for similar allegations, it is possible that microchips transmitters and/or nano-technologies are involved that enable others to monitor plaintiff's thinking and life interactions.

e.    Employment.    The plaintiff is not employed by at y government office. Approximately two (2) years ago, plaintiff forwarded a business proposal to the office of Secretary of State J. Kenneth Blackwell introducing a business idea she was formulating. It is plaintiff's understanding, however, that her business proposal was intercepted and that it never reached the offices of Ken Blackwell. Moreover, plaintiff never received any responses from anyone to her business proposal. Plaintiff is informed that those who intercepted her business proposal have sought to use it for their own commercial purposes.

f.    The Plain Dealer.    Cleveland Media (and others working with it) plays a prominent role in censoring the plaintiff's residence, her life interactions and presumes to free-handedly distribute its findings to the Fourth Perimeter of the U.S. Government and wherever else it pleases without express permission or cooperation on her behalf. Moreover, in typing her reports on public word processors, even on her own word processor in her home, her privacy cannot be guaranteed. Worse than this, when others hover over her at her residence via intelligence technologies, privacy of some thoughts cannot be guaranteed. Following are examples of metaphysical analyses of correlations between the plaintiff's writings recorded on public word processors (at public libraries) and reactions to them by the personnel of one specific media, that of *"The Plain Dealer"*. In its January 11, 2007 edition, reactions to some of the contents of a rough draft outline of the allegations (typed on a public word processor) and portions of which are included in this complaint, were reflected in comic strips of its *"Arts & Life Section"*. Specifically,

(i).    In a comic strip titled, ***"Pearls Before Swine" by Stephan Pastis***, one character says: "This book says that if you let a roomful of monkeys type for infinity, they'll eventually write the complete works of Shakespeare." Another character responds with: "So? What's that supposed to prove?" Another character responds with: "Monkeys Plagiarise." [Note: When someone takes access to the writings of another and passes them on, unless he has an agreement with the author, any spin he puts on those writings reflect his own understanding and translations and not necessarily those of the author. Since the plaintiff has no relationship with the personnel of this Media agency (or others associated with it) and has at no time discussed any of her thoughts, notes, or writings with them, it should not be necessary here to explain how they came about access to her writings. And yet, would have audacity to accuse someone else of "plagiarism". Furthermore, sometime ago, the plaintiff made an entry into her

daily journal on other occasions concerning the use of the term "monkeys" in another edition of The Plain Dealer when referring to a monkey at the Zoo that smokes . . . . " Nonetheless, it appears that the innuendo is made with reference to information stated here on "Mind Control" that the plaintiff quoted from a number of articles she extracted from her research where she summed up the gist of what she read and stated it in her draft document. This and other comments made by this rag's personnel give the impression that some grand "mind-boggling" presumption has been made causing it to believe falsely that it has some right to intrude upon the plaintiff's writings and say and do whatever they please with them. The plaintiff is not included on the payroll of this paper. They are grouped here together and included as **Exhibit K.** May the Court be advised also that the comic strips mentioned here are but a few in a long list of more of the same that the plaintiff has been observing for some time now.

(ii). Another comic strip titled, **"Sally Forth" by Greg Howard,** the first speaker says: *"It's silly to even consider re-entering the dating scene at my age. After all, there are two girls for every guy."* The second speaker responds with, *"You're thinking "surf city." Besides, plenty of single women in their 40s enjoy an active social life."* The first character comes back with, *"So you're saying I'll have competition?"* The first character says, *"I'm saying you'll have wingmen . . . well, wingwomen."* [Note: This one was inspired by apparent eavesdropping on a conversation about relations while riding in a cab early on the morning of January 10, 2007.]

(iii). In another comic strip titled, **"Bizarro" by Dan Piraro,** the adult speaks to a small girl, *"How about you spend LESS time studying how MY generation destroyed the environment, and MORE time figuring out a magical solution?* The plaintiff is not employed by this newspaper. It seems odd then that the plaintiff should be expected to be accountable to it, nor perhaps the author of this comic strip. [Note: This was inspired by notes the plaintiff made previously concerning her suspicions as to what is being done with blood and other substances injected and extracted from her body, especially that used for research and experiments in creating "Emaculate Conceptions" (the modern terminology for "Clones") and possibly other "Composite Impregnation") or stem cell research.]

(iv). This comic strip is titled, **"Peanuts" by Charles M. Schulz.** *[Note: I believe Charles Schulz is now deceased. Apparently someone else is writing under his name.]* Nonetheless, in this strip, one character holds up a paper heart and says, *"This Linus is a picture of the human heart! One side is filled with hate and the other side is filled with love. These are the two forces, which are constantly at war with each other."* Linus responds with, *"I think I know just what you mean . . . I can feel them fighting!"* [Note: This is a reference to plaintiff's note concerning E-mails she received (included above) and the fact that the author apparently "hates her and everything she stands for, yet, he is wont to continue meddling into her affairs."]

(v). In yet another comic strip titled, **"Jump Start"** by Robb Armstrong, these characters are at an airport. The woman says, *"What are you going to do with all those confiscated cosmetics?"* The security guard says, *"I don't know."* The woman's husband says, *"Honey. . . moves on. Don't ask any questions. Just forget it. I told you not to bring that lotion."* The woman says, *"He's putting some on his hands."* (Referring to the security guard.) Her husband says, *"Move on. Let it go."* [Note: Two weeks ago, at the airport, the plaintiff was

selected for "extra security checking". In the process, a bottle of lotion was taken from her. When she asked the security guard if she could pick it up when she returned, he said, No. She remembered thinking that she had forgotten that liquids were suspicious items and should have left it at home. This also points to comments the plaintiff made in other reports concerning her suspicions that whoever is behind the confliction that surrounds her, is experiencing some kind of emotional attachment. **The plaintiff suspects this person is male Caucasian and somewhere between mid-50's to mid-60's and possibly older. She further suspects that the problem he has with her is one of hatred based in need. And that need has much to do with assuming the right to monitor and possess access to her mind and the products produced by it.**]

    g.  <u>Macabre E-Mails</u>.

    (i).  E-mail transmitted to plaintiff at December 30, 2006. Attempts to retrieve this E-mail on January 2, 2007 were futile in that the E-mail had been deleted from the plaintiff's E-mail address. Nonetheless, in that e-mail there was a reference to *"the People"*. This followed the statement "We could just as easily have killed you . . . and something to the effect that . . . . "it is the wish or desire of *"the People"*. The transmittal did not however specify who "the People" are. Indeed.

    (ii)  E-mail transmitted to plaintiff at December 16, 2006. Following are excerpts taken from the plaintiff's General file where she makes daily recordings:

> ***December 16, 2006 entry continued at December 17, 2006.*** I received some e-mail today. The e-mail contained a combination of what I would say are old adages and other comments. Upon reading this e-mail, it brought fragments back to mind of something that has been brewing in the deeper reaches of my brain for some time now. The reason for this is that there is a pattern of thinking that is apparent in the contents of this e-mail (and media statements) that reflect certain behavior and thinking patterns I have observed. First, I want to get out in the open an old adage, that of: ***"Familiarity breeds contempt"***. I do not know where this old adage originated or what its author was thinking at the time; but when I use it, it is because I think it fits whatever is happening the moment I think of it. I think this e-mail emanates from someone is in a position to monitor everything -- EVERYTHING -- I say, do and think; someone who keeps a careful eye on me and (has several other people doing the same). This is someone who is in some ways affected by the contents of yesterday's (December 15, 2006), entries recorded in this Journal. When I read something someone writes, or says, I don't just read or listen to the words that are spoken. But, I listen to the movement of the mind of the author or speaker. On the one hand, he makes comments that tell me he moves out of the high and mighty pedestal of judgment. He goes from there into the corner of defensive tactics. From there he runs for cover in the dugout of comparative analysis. By this, I mean he compares himself to me. From there he assumes a humble stance, yet he throws darts at demanding

consideration. Whew!  Overall, I think the sum total of what this person is or was feeling at the time he wrote and sent the e-mail is misquoted this old adage.  For him, familiarity does not breed contempt.  Familiarity is his life.  Following are the adages he uses:

People who live in glass houses, have to open the door--
People who live in glass houses shouldn't throw stones--
Wisdom comes easy after an event
Put yourself in my place; never judge a man until you've walked in his shoes -- [Plaintiff's comment:  *Ref. December 15, 2006 entry here.  I cannot reason whether or not I can put myself in someone's place unless I have something to work with.  It might help to know who is this someone. I do not recall any judgments handed down directly or via of inference in the above journal entry.  If any judgment was perceived, it is due to the state of mind of the person who sent this e-mail.*]

Those who live by the sword, die by the sword -- [Plaintiff's note:  *Very often, those who DO NOT live by the sword, die by the sword.  Am I being accused of living by the sword? Earlier this year, someone approached me in Tower City, saying:  "There are those who call themselves helping you (meaning me).  He spoke several other things one of which stands out: "There are those who say that if you should not choose them (or something to that affect), then you must be maimed.*]

There was another comment, something about "the father always being right" and vice versus -- [Plaintiff's comment:  I am feeling that this might be some kind of religious moniker.  This person may be an adherent of Catholicism.]

Another comment was something about "not letting my feelings get in the way of my work" -- ***What work!?!  Am I supposed to work for this person?***

       h.    <u>Telephones</u>.  Telephone calls made to and from plaintiff's cell phone that of (216) 704-9399 are being monitored.  There is even a special directory assistance that answers her 411 calls to Directory Assistance.  Once plaintiff became aware of this, she bought another cell phone, (216) 339-6679.  In no time at all, calls to and from this phone number are also being monitored.

CONCLUSION

The above confliction has been ongoing for several years.  While the plaintiff believes that based upon some of her complaints, there are those who have tried to help resolve her allegations and bring them to justice; but, on the other hand, she believes there are those who are double-dealing and only pretend to investigate her allegations.  Her complaints for sexual assault, general assault and harassment via of operatives using intelligence technologies (and

11

other allegations) were also filed in this Court both in *Rashada vs. Tenant, et al., Case No. 02-CV2442, filed December 2002 and Rashada vs. Tenant, et al., Case No. 03-CV683, filed April 2003.* The outcome of these cases was based upon information provided to it by its investigators and other sources working with them. They were deemed *frivolous* by this Court and dismissed by this Court. While plaintiff realizes it often happens that complaints involving government personnel are addressed to government officials. In situations such as these, the Court may dismiss complaints for misconduct against government personnel and grant no apparent relief or considerations in its journals and judgment entries, secretly, some degree of change may occur within the realms of responsibilities of the defendant. The defendant may be dismissed or asked to resign his position. He may be reassigned another or lesser position. His offices may undergo reconstruction and he may be relocated. In these situations, however, when a complaint is dismissed absent a Court's acknowledgement of the merits of the plaintiff's allegations or assertions, the plaintiff's complaint (technically) serves merely as a deferral or consult to the Court and the defendant and leaves the plaintiff unprotected by the law. This is especially critical in instances where a Court and the party defendants secretly agree that the defendant must assert the responsibility of extending financial considerations to the plaintiff by some means of creative financing (i.e., lottery winnings; estate planning; fellowships, etc.) and the Court fails to monitor or enforce (where necessary) their assertions.

Under no circumstances has any man the right to take access or possession of the mind of another man without his consent. No man possesses the right to (literally) feast upon the products of the mind of another unless that man elects to publish those products. Surely there are records, information and remedies of law somewhere in these United States of America that must be made available to plaintiff. In Mr. Hardy's December 27, 2006 letter, he recommended that the plaintiff contact the agencies or authorities related to the records and information she seeks. Oddly however, other agencies to which she submitted FOIPA requests deferred those requests to Mr. Hardy's offices as with the Department of Health and Human Services..

WHEREFORE, the plaintiff requests the following:

1.    That the records sought through the plaintiff's FOIPA requests and all others related to the crimes made against her, submitted to the offices of the Department of Justice, be granted to the plaintiff;

2.    That that office(s) of government and/or that civilian office(s) responsible for having issued orders to their operatives who use intelligence and other technologies on the plaintiff, be restrained immediately and henceforth from further theft, harassment and assaults on the plaintiff at her residences and all other places and that each office, produce its reasons for having issued same;

3.    That that office of government and/or that civilian office(s) responsible for the above, and for violating plaintiff's civil, human and divine rights by assaulting and harassing and taking access to her mind and its products without her cooperation and consent be ordered to grant consideration to the plaintiff in the amount of ONE HUNDRED MILLION DOLLARS AND NO/100 ($100,000,000.00);

4.      That all medical personnel, government or otherwise, responsible for medical procedures conducted on the plaintiff, be ordered to confer with her, in the most minute detail, concerning each procedure conducted on her and that they also be ordered to produce any permissions or consents (if any) they claim to have received prior to performing those procedures and that the same personnel be ordered to grant consideration to the plaintiff for these inhumane acts and deeds in the amount of ONE HUNDRED MILLIONS DOLLARS AND NO/100 ($100,000,000.00);

5.      That all medical personnel, government or otherwise, responsible for issuing false medical information pertaining to the plaintiff, be order to retrieve such false information, from wherever they placed it, in writing and via of legal publication and others designated by this Court; and

6.      For such other and further relief as this Court may deem fair and just.


                                                        Respectfully submitted,


Dated:  February 23, 2007                        _Hanan Rashada_____
                                                        Hanan S. Rashada, In Pro Se
                                                        P.O. Box 14211
                                                        Cleveland, OH  44114
                                                        (216) 704-9399

13

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

HANAN RASHADA        CUYAHOGA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

IN PRO SE

## DEFENDANTS

ALBERTO R. GONZALES   WDC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

CASE NUMBER   1:07CV00394

JUDGE: James Robertson

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/23/2007

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. Habeas Corpus 2255 | □ H. Employment Discrimination | □ I. FOIA/PRIV. ACT | □ J. Student Loan |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. Labor/ERISA (non-employment) | □ L. Other Civil Rights (non-employment) | □ M. Contract | □ N. Three-Judge Court |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

FOIA § (a)(4)(B)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint

**JURY DEMAND:** □ YES   ⊗ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES   ✓ NO   If yes, please complete related case form.

DATE 2/23/07    SIGNATURE OF ATTORNEY OF RECORD _Larran T Cushroe_    JC

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 11-09-06   05:11pm
                                    Line 1    : 12166619930
                                    Line 2    :
                                    Machine ID : FEDEX KINKOS BROOKLYN OH 12166619930
```

| | | |
|---|---|---|
| Job number | : | 643 |
| Date | : | 11-09  04:57pm |
| To | : | ☎14109664304 |
| Number of pages | : | 007 |
| Start time | : | 11-09  04:57pm |
| End time | : | 11-09  05:01pm |
| Pages sent | : | 007 |
| Status | : | OK |

Job number    : 643              *** SEND SUCCESSFUL ***

## FREEDOM OF INFORMATION ACT REQUESTS

November 9, 2006

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

Dear Mr. Hardy:

The *Freedom of Information Act, 5 U.S.C. § 552 (a) (1) and (2) (as Amended by Public Law No. 104-231, 110 Stat. 3048)* provides that I am entitled to the following information:

---

*"(a) Each agency shall make available to the public information as follows:*

*"(1)     Each agency shall separately state and currently publish in the Federal Register for the guidance of the public—*

*"(A)     Descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;*

*"(B)     Statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;*

*"(C)     Rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;*

*"(D)     Substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and*

## Exhibit A

# FREEDOM OF INFORMATION ACT REQUESTS

November 9, 2006

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

Dear Mr. Hardy:

The *Freedom of information Act, 5 U.S.C. § 552 (a) (1) and (2) (as Amended by Public Law No. 104-231, 110 Stat. 3048)* provides that I am entitled to the following information:

---

*"(a) Each agency shall make available to the public information as follows:*

*"(1)     Each agency shall separately state and currently publish in the Federal Register for the guidance of the public--*

*"(A)     Descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;*

*"(B)     Statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;*

*"(C)     Rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;*

*"(D)     Substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and*

*"(E)    Each amendment, revision, or repeal of the foregoing.*

*"Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register.*

*"(2)    Each agency, in accordance with published rules, shall make available for public inspection and copying--*

*"(A)    Final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;*

*"(B)    Those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; and*

*"(C)    Administrative staff manuals and instructions to staff that affect a member of the public;*

*"(D)    Copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; and*

*"(E)    A general index of the records referred to under subparagraph (D);*

---

In this regard, I am in particular, requesting the following records and information:

#.    **_Interview Reports._**

1.    The name, rank and location of all law enforcement personnel responsible for conducting interviews and composing interview reports on investigations pertaining to me;

2.    Interview reports of all law enforcement investigations conducted in connection with information extracted from me via of MKUltra and all other neurological intelligence technologies during the time I resided in Washington, D.C. from 1987 through 1995; and

3.      Interview reports of all law enforcement investigations conducted in connection with information extracted from me via of MKUltra and all other neurological intelligence technologies during the time I resided in Cleveland, Ohio from 1995 up to and included the date that your response is prepared and transmitted.

#.      ***Medical Records and Reports.***

1.      All medical records recorded in connection with the use of intelligence technologies on me by the Federal Bureau of Investigation and other working in conjunction with it.  The records should include the purpose of such procedures; the name(s), ranks of authorizing party(ies); physicians (i.e., addresses; phone numbers; place of employment; medical specialty(ies)); medical (or any other) facilities where procedures were conducted if other than place of employment; detailed descriptions of the kind(s) of invasive procedures conducted on me; dates and times of procedures; the kinds of pharmaceuticals (including prescription numbers) used in connection with same procedures and all pharmaceuticals still being used on me and all addition information pertaining to these procedures that are included in your files;

2.      Copies of all medical records submitted to your agency by Bureau and/or non-Bureau physicians, **located anywhere in the world; and especially, Washington, D.C. and Cleveland, Ohio**.

3.      Copies of all medical records pertaining to any diagnoses and treatments for psychosis or any other mental dysfunction.

#.      ***Powers of Attorney; Authorizations; Consent Forms, Permissions Slips; Contracts or Agreements.***

1.      Copies of all ***Powers of Attorney***, (allegedly) signed by me in connection with any person, place, thing or situation.

2.      Copies of all ***Authorizations***, (allegedly) signed by me in connection with any person, place, thing or situation.

3.      Copies of all ***Consent forms***, (allegedly) signed by me in connection with any person, place, thing or situation.

4.      Copies of all ***Permissions slips***, (allegedly) signed by me in connection with any person, place, thing or situation.

5.      Copies of all ***Contracts and Agreements***, (allegedly) signed by me in connection with any person, place, thing or situation.

#.      ***Social Security Administration.***

1.      Copies of all social security claims filed by me, and anyone claiming to be connected with me, or acting in my;behalf.

3

2.    Copies of all social security calculations or computations made in connection with my social security claims filed in May, 2003.

3.    Copies of all contracts or agreements made between the social security administration and anyone claiming to be connected with me, or acting in my behalf.

#.    *U. S. Internal Revenue Service.*

1.    Copies of all Bureau interview reports pertaining to taxes paid and (supposedly) owed by me (at anytime) to the Internal Revenue Service.

2.    Copies of all of my personal files, including taxes files, that were confiscated by the Bureau (without my permission and consent) from the Florida Avenue Storage Company in Washington, D.C. (circa, anytime during 1990-1993).

3.    Copies of all of my personal files, including taxes files, that were confiscated by the Bureau (without my permission and consent) from Uncle Bob's Storage Company in Cleveland, Ohio (circa, Fall 2002).

4.    Copies of all of my personal files confiscated by the Bureau (without my permission and consent) from the offices of Congressman Louis Stokes in Washington, D.C. (circa, early 1995).

#.    *Constitutional Rights (Present or Waived).*

1.    I am presently a citizen of the United States of America and it is my understanding that I am entitled to the same rights as all other American citizens that are put down in the United States Constitution. At this writing, I am a resident of the City of Cleveland in the State of Ohio. Inasmuch as I am apparently (restricted) from freely moving about my residence and to go from the eastside to the Westside, the north side or Southside as I please, I assume that the FBI has either waived or disregarded my Constitutional rights. In this regard, please forward copies of all records pertaining to the name(s) and ranks and locations of FBI (or other government agencies) who authorized the alteration of my Constitutional (and any other( rights to which I am entitled as a citizen of these United States.

2.    Furthermore, since I have and continue to be sexually assaulted via of law enforcement agents and others using intelligence technologies to enter my home without my permission and consent; making it obvious that apparently my Constitutional rights are further altered to restrict me from freely choosing the person(s) with whom I desire to mate, or socialize, I am herewith requesting copies of all records and information pertaining to the name(s) and rank(s) and locations of FBI (or other government agencies) who authorized the alteration of my Constitutional (and any other( rights to which I am entitled as a citizen of these United States.

3.    Copies of all records and information pertaining to restrictions or my movements anywhere in the United States of America and especially Cleveland, Ohio whereupon should I venture into these areas or locations this would otherwise constitute the category of insanity.

#.    *Invitro Fertilization, Etc.*

4

1.    Copies of all records pertaining to the extraction of embryo stems from my persons; the names and locations of authorizing parties and physicians conducting these procedures.

2.    The names and addresses of agents, other law enforcement personnel and civilians who are the benefactors of the procedures stated above in D-1.

3.    Copies of all records pertaining to any Bureau personnel (or civilian) claiming to be my spouse, partner or otherwise affiliated with me; who presumes the authority to authorize the procedures stated in this paragraph and paragraph C above.

#.    **Sexual Assault; Battery and Harassment.**

1.    Copies of all reports submitted by Bureau, any other government personnel, any civilian, individual or entity pertaining to my claims for sexual assault, battery and harassment.

#.    *Jurisprudence:*

1.    Copies of all records pertaining to (interviews conducted) or (hearings held) in any courtroom within the United States (and especially within the cities of Washington, D.C. and Cleveland, Ohio) pertaining to claims ***filed against me*** by the Bureau, any other government agency, or civilian, be it an individual or entity.

2.    Copies of all records pertaining to (interviews conducted) or (hearings held) in any courtroom within the United States (and especially within the cities of Washington, D.C. and Cleveland, Ohio) pertaining to any claims ***filed by me*** for sexual assault, battery, harassment, theft or any other matter.

#.    *Terrorism.*

1.    Copies of any claims filed against me by the Bureau, any other government agency, any civilian, individual or entity, suspecting me of (allegedly) indulging in terrorists' activities.

2.    Copies of any claims made by members of the Bureau, any other government agency, any civilian, individual or entity, pertaining to remarks I (allegedly) made concerning the preparation and onset of the War in Iraq.

#.    *Cuyahoga Metropolitan Housing Authority (CMHA).*

1.    Copies of interview reports, other records and information, pertaining to religious and other confliction occurring at my residence, that of the CMHA apartment dwelling known as the Riverview Towers Apartments, at 1795 West 25th Street, in Cleveland, Ohio?

2.    Copies of all records pertaining to ***Bureau command (or operations) centers*** situated throughout the Riverview Towers Apartments (four towers, 15 floors each) for the purpose of watching for possible terrorists activities.

5

#.    *__Media Matters__*.

1.    Copies of all interview reports submitted by media personnel pertaining to me.

2.    Copies of all requests for information submitted to the Bureau by media personnel pertaining to me.

#.    *__Paranormal Activities__*.

1.    Copies of any reports you may have in your files pertaining to paranormal activities and individuals reported in the area of the State of Ohio; and in particular, the area of Cleveland, Ohio.

#.    *__FOIA Requests__*.

1.    Copies of (all) FOIA requests submitted in my name previous to this one.

I have enclosed for your convenience a copy of a Form DOJ-361 (Certification of Identity).

If you have any questions or need further specifics pertaining to the above, please contact the undersigned at the address indicated.  Since the above requests may easily become quite voluminous, it might be prudent to transport them in parts.  *[Note:  Be aware that your responses may be subjected to interceptions via law enforcement agents and others working with them who would thwart these transactions.]*  Otherwise, please forward the above to the undersigned at the address indicated.

Thank you for your attention in these matters.

Yours truly,

Hanan S. Rashada
P.O. Box 14211
Cleveland, OH  44114
(216) 704-9399

Enclosure

6

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   Hanan Sahirah Rashada

Citizenship Status [2]   Citizen               Social Security Number [3]   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

Current Address   P.O. Box 14211, Cleveland, OH  44114 (mailing address)

Date of Birth   January 28, 1947          Place of Birth   Cleveland, Ohio; U.S.A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   *Hanan Rashada*          Date   November 9, 2006

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Not Applicable

### Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

# FREEDOM OF INFORMATION ACT REQUESTS
### [This is an edited and extended version of a general FOIA request transmitted to your offices on November 9, 2006.  Please substitute this one in place of it.  Thank you.]

November 13, 2006

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C.  20535-0001

Dear Mr. Hardy:

In accordance with the *Freedom of information Act, 5 U.S.C. § 552 (a) (1) and (2) (as Amended by Public Law No. 104-231, 110 Stat. 3048),* I am herewith requesting the following records and information:

### *Interview Reports*

a.      The name, rank and location of all law enforcement personnel responsible for conducting interviews and composing interview reports on investigations pertaining to me;

b.      Interview reports of all law enforcement investigations conducted in connection with information extracted from me via of MKUltra and all other neurological intelligence technologies during the time I resided in Washington, D.C. from 1987 through 1995; and

c.      Interview reports of all law enforcement investigations conducted in connection with information extracted from me via of MKUltra and all other neurological intelligence technologies during the time I resided in Cleveland, Ohio from 1995 up to and included the date that your response is prepared and transmitted.

d.      Copies of police and investigations reports pertaining to the efforts of Bureau personnel, personnel of any other government agency, any civilian (i.e., individuals or entities) to resolve my complaints for sexual assault, battery and harassment.

e.      Copies of all interview (or other) reports recording any contacts made to me by Bureau personnel, any other government personnel, any civilian (i.e., individuals or agencies) concerning their efforts to resolve my complaints for sexual assault, battery and harassment.

## Exhibit B

### *Medical Records and Reports.*

a.    All medical records recorded in connection with the use of intelligence technologies on me by the Federal Bureau of Investigation and other working in conjunction with it. The records should include the purpose of such procedures; the name(s), ranks of authorizing party(ies); physicians (i.e., addresses; phone numbers; place of employment; medical specialty(ies)); medical (or any other) facilities where procedures were conducted if other than place of employment; detailed descriptions of the kind(s) of invasive or noninvasive procedures conducted on me that enables Bureau and other government personnel and civilian operatives to monitor my brain activity; sight and sound; dates and times of procedures; the kinds of pharmaceuticals (including prescription numbers) used in connection with same procedures and all pharmaceuticals still being used on me and all addition information pertaining to these procedures that are included in your files;

b.    Copies of all medical records submitted to your agency by Bureau and/or non-Bureau physicians, **located anywhere in the world; and especially, Washington, D.C. and Cleveland, Ohio**.

c.    Copies of all medical records pertaining to any diagnoses and treatments for psychosis or any other mental dysfunction.

### *Powers of Attorney; Authorizations; Consent Forms,*
### *Permissions Slips; Contracts or Agreements*

a.    Copies of all ***Powers of Attorney***, (allegedly) signed by me in connection with any person, place, thing or situation.

b.    Copies of all ***Authorizations***, (allegedly) signed by me in connection with any person, place, thing or situation.

c.    Copies of all ***Consent forms***, (allegedly) signed by me in connection with any person, place, thing or situation.

d.    Copies of all ***Permissions slips***, (allegedly) signed by me in connection with any person, place, thing or situation.

e.    Copies of all ***Contracts and Agreements (General)***, (allegedly) signed by me in connection with any person, place, thing or situation.

f.    Copies of all ***Contracts and Agreements (Marital)***, pertaining to marriages or any other partnership(s) in which I am named as a participant.

### *Education.*

a.    Copies of all records pertaining to educational curricula designed by the undersigned.

5.    ***Veterans Affairs Claim.***

a.    Copies of all records in your possession pertaining to my veterans' pension claim.

b.    Copies of information requests made by any other government agency(ies) and/or civilians (i.e., individuals or entities) pertaining to the veterans' pension claim of the undersigned.

c.    Copies of all veteran medical records pertaining to the undersigned.

### _Social Security Administration_

a.    Copies of all social security claims filed by me, and anyone claiming to be connected with me, or acting in my behalf.

b.    Copies of all social security calculations or computations made in connection with my social security claims filed in May, 2003.

c.    Copies of all contracts or agreements made between the social security administration and anyone claiming to be connected with me, or acting in my behalf.

d.    Copies of all medical records pertaining to a claim disability filed by the undersigned with the Social Security Administration.

### _Metaphysical Diagnosis._

a.    Copies of all records pertaining to any payments disbursed to me (or others claiming to be connected with me, or acting in my behalf) by the Bureau, any other government agency, any civilian (i.e., individuals or entities), for services rendered in connection with metaphysical diagnoses and other investigative works.

b.    Copies of all records pertaining to analysis and investigative works produced by me (or others claiming to be connected with me, or acting in my behalf) under the business name of the Parallel, LLC.

### _Internal Revenue Service_

a.    Copies of all Bureau interview reports pertaining to taxes paid and (supposedly) owed by me (at anytime) to the Internal Revenue Service.

b.    Copies of all of my personal files, including taxes files, that were confiscated by the Bureau (without my permission and consent) from the Florida Avenue Storage Company in Washington, D.C. (circa, anytime during 1990-1993).

c.    Copies of all of my personal files, including taxes files, which were confiscated by the Bureau (without my permission and consent) from Uncle Bob's Storage Company in Cleveland, Ohio (circa, Fall 2002).

d.    Copies of all of my personal files confiscated by the Bureau (without my permission and consent) from the offices of Congressman Louis Stokes in Washington, D.C. (circa, early 1995).

### *Constitutional Rights (Present or Waived)*

a.    I am presently a citizen of the United States of America and it is my understanding that I am entitled to the same rights as all other American citizens that are put down in the United States Constitution. At this writing, I am a resident of the City of Cleveland in the State of Ohio. Inasmuch as I am apparently (restricted) from freely moving about my residence and to go from the eastside to the Westside, the north side or Southside as I please, I assume that the United States Government has either waived or disregarded them. In this regard, please forward copies of all records pertaining to the name(s) and ranks and locations of FBI (or other government agencies) who authorized the alteration of my Constitutional (and any other (rights to which I am entitled as a citizen of these United States.

b.    Furthermore, since I have and continue to be sexually assaulted via of law enforcement agents and others using intelligence technologies to enter my home without my permission and consent; making it obvious that apparently my Constitutional rights are further altered to restrict me from freely choosing the person(s) with whom I desire to mate, or socialize, I am herewith requesting copies of all records and information pertaining to the name(s) and rank(s) and locations of FBI (or other government agencies) who authorized the alteration of my Constitutional (and any other( rights to which I am entitled as a citizen of these United States.

c.    Copies of all records and information pertaining to restrictions or my movements anywhere in the United States of America and especially Cleveland, Ohio whereupon should I venture into these areas or locations this would otherwise constitute the category of insanity.

### *Invitro Fertilization and Genetic Research*

a.    Copies of all records pertaining to the extraction of embryonic substances and embryonic stems from my persons to impregnate others and the names and locations of Bureau authorizing parties and physicians conducting these procedures.

b.    The names and addresses of agents, other law enforcement personnel and civilians (individual or entities) that are the benefactors of the procedures stated above.

c.    Copies of all records pertaining to any Bureau personnel, any other government agency(ies) and civilian (i.e., individuals or entities) claiming to be a spouse, partner or otherwise affiliated with the undersigned who have presumed the authority to authorize the procedures stated above.

### *Sexual Assault; Battery and Harassment.*

a.    Copies of all reports submitted by Bureau, any other government personnel, any civilian, individual or entity pertaining to my claims for sexual assault, battery and harassment.

### *Jurisprudence*

a.      Copies of all records pertaining to (interviews conducted) or (hearings held) in any courtroom within the United States (and especially within the cities of Washington, D.C. and Cleveland, Ohio) pertaining to claims *filed against me* by the Bureau, any other government agency or civilian (i.e., individuals or entities).

b.      Copies of all records pertaining to (interviews conducted) or (hearings held) in any courtroom within the United States (and especially within the cities of Washington, D.C. and Cleveland, Ohio) pertaining to any claims *filed by me* for sexual assault, battery, harassment, theft and other matters.

### *Terrorism*

a.      Copies of any claims filed against me by the Bureau, any other government agency, any civilian (i.e., individual or entity) accusing me of (allegedly) indulging in terrorists' activities.

b.      Copies of any claims made by members of the Bureau, any other government agency, any civilian, individual or entity, pertaining to remarks (allegedly) made by the undersigned pertaining to the War in Iraq.

### *Cuyahoga Metropolitan Housing Authority (CMHA)*

a.      Copies of interview reports, other records and information, pertaining to religious and other confliction occurring at my residence, that of the CMHA apartment dwelling known as the Riverview Towers Apartments, at 1795 West 25th Street, in Cleveland, Ohio?

b.      Copies of all records pertaining to *Bureau (or any other government agency; or any civilian (individuals or entities) operations centers* situated throughout the Riverview Towers Apartments (4 towers, 15 floors, each) for the purpose of monitoring the activities of the undersigned.

c.      Included with this FOIA request is a copy of a letter submitted to George Phillips, the Director of CMHA.  Please forward copies of all records you may have pertaining to the same matter indicated in the enclosed letter.

d.      In further connection with the letter to CMHA Director, George Phillips, please include copies of any interview or investigation reports you may have pertaining to complaints submitted to CMHA pertaining to loud noises emanating from my apartment at the Riverview Towers apartments.

e.      Copies of interview and/or investigation reports submitted by CMHA intelligence officers pertaining to complaints for sexual assault, batter and harassment submitted by the undersigned to CMHA.

### *Media Matters*

a.       Copies of all interview reports submitted by media personnel pertaining to the undersigned.

b.       Copies of all requests for information submitted to the Bureau by media personnel pertaining to the undersigned.

### *Paranormal Activities*.

a.       Copies of any reports you may have in your files pertaining to paranormal activities and individuals reported in the area of the State of Ohio; and in particular, the area of Cleveland, Ohio.

### *FOIA Requests*.

a.       Copies of (all) FOIA requests submitted in my name previous to this one.

_____

This is a general FOIA request.  Additional requests are being submitted to other offices of government in the event your records do not include some of the more specialized requests.  A Form DOJ-361 (Certification of Identity) is enclosed for your convenience.

If you have any questions or need further specifics pertaining to the above, please contact the undersigned at the address indicated.  Inasmuch as the sum total of these requests may be quite voluminous, it might be prudent to transmit them n proportionately; or, you may contact me when they are ready and I will arrange to pick them up.

Thank you for your attention in these matters.

Yours truly,

Hanan S. Rashada
P.O. Box 14211
Cleveland, OH  44114
(216) 339-6679

Enclosure



U. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 5, 2006

Hanan S. Rashada
Post Office Box 14211
Cleveland, OH 44114

Dear Requester:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: *HANAN SAAHRAH RASHADA*

Current Address: *1795 W. 25th STR., #732*

Date of Birth: *01-28-47*   Place of Birth: *CLE, OH*

Daytime Telephone Number: *(216) 339-7769*

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek. *3636-16TH STR NW, WDC. (LEFT WDC AT 10/1996)*

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.**

Signature *Hanan Rashada*   Date *12/8/06*

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.**

Sincerely yours,

*David M. Hardy/rm*

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

RETAIN THIS COPY FOR YOUR RECORDS.

# FedEx® Express

## US Airbill

Sender's Copy

FedEx Tracking Number  **8592 9558 9155**

**1 From** Please print and press hard.

Date **1/15/06**

Sender's FedEx Account Number

Sender's Name **H. RASHADA**   Phone **202 339-6679**

Company **CLE**

Address **1795 W. 5th St NW**

Dept./Floor/Suite/Room

City **CLE**   State **OH**   ZIP **44113**

**2 Your Internal Billing Reference** First 24 characters will appear on invoice.

**PDNY CASH**

**3 To**

Recipient's Name **DIRECTORS OFFICE**   Phone **FBI (FOIA) 11/13/06**

Company **FBI (FOIA)**

Recipient's Address
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address **935 PENNSY. AVE, NW**
To request a package be held at a specific FedEx location, print FedEx address here.

City **WASHINGTON**   State **DC**   ZIP **20535**

**4a Express Package Service**   *To most locations.*
Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx 2Day
- [ ] FedEx First Overnight
- [ ] FedEx Express Saver

**4b Express Freight Service**   *To most locations.*
Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday
Does this shipment contain dangerous goods?
- [ ] No
- [ ] Yes Shipper's Declaration not required.
- [ ] Yes Shipper's Declaration.
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value $ **.00**

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

FedEx Use Only **520**

---

# Exhibit C



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 1, 2006

MS HANAN SAHIRAH RASHADA
POST OFFICE BOX 14211
CLEVELAND, OH 44114

Request No.: 1063972- 000
Subject: RASHADA, HANAN SAHIRAH

Dear Requester:

&#9746;    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

&#9744;    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

&#9744;    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

&#9744;    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

&#9746;    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

&#9744;    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

# Exhibit D

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 5, 2006

Hanan S. Rashada
Post Office Box 14211
Cleveland, OH 44114

Dear Requester:

　　　　Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: *HANAN SAAHIRAH RASHADA*

Current Address: *1795 W. 25th STR    # 732*

Date of Birth: *01-28-47*   Place of Birth: *CLE, OH*

Daytime Telephone Number: *(216) 339—7769*

　　　　You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek. *3636—16TH STR, N.W, W.D.C. (LEFT WDC AT 10/1996)*

---

　　　　Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.**

Signature *Hanan Rashada*   Date *12/8/06*

　　　　To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.**

Sincerely yours,

*David M Hardy*

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

# Exhibit E-1

# FREEDOM OF INFORMATION AND PRIVACY ACT REQUESTS

December 8, 2006

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

*Reference Number:  1063972-000*
*Subject: Hanan S. Rashada*

Dear Mr. Hardy:

Thank you for your letter dated December 1, 2006 confirming receipt of my FOIA requests. I am also in receipt of your letter dated December 5, 2006 in which you enclosed a form requesting additional information. That form has been completed and is enclosed herewith.

Also, please be advised that I am "in particular" seeking copies of any records you may have pertaining to "in particular" intelligence and other technologies that have and continue to be used on me at my present (street) address, that of the Riverview Towers Apartments, located at 1795 West 25th Street, Suite #732, Cleveland, Ohio 44113. I have listed numerous complaints concerning this malady with your offices and those of other government officials, yet, I continue to be sexually assaulted, battered and harassed by operatives facilitating the aforementioned technologies and the latest instances occurred during the early morning hours on the date of this letter.

Thank you for your attention to these matters.

Sincerely,

*Hanan Rashada*

Hanan S. Rashada

Enclosures

**Exhibit E-2**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 7, 2006

MS HANAN S RASHADA
POST OFFICE BOX 14211
CLEVELAND, OH 44114

Request No.: 1063972- 000
Subject: RASHADA, HANAN SAHIRAH

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated and manual indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

# Exhibit F

Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 26, 2006

Hanan S. Rashada
Post Office Box 14211
Cleveland, OH 44114

Dear Requester:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: _____

Current Address: _____

Date of Birth: _____ Place of Birth: _____

Daytime Telephone Number: _____

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek._____

_____

_____

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.**

Signature_____ Date_____

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.**

Sincerely yours,

David M. Hardy/KST

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

# Exhibit G



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, D.C. 20201

11-17-2006

TO: David Hardy
   Federal Bureau of Investigation
   Chief, FOI/PA Section/Rm. 6359
   935 Pa. Ave., N.W.
   Washington, D.C. 20535

FROM:    Robert Eckert
         Acting Director
         FOI/Privacy Acts Division
         Office of Public Affairs

SUBJECT:    Attached Freedom of Information Act Requests

In processing Department records responsive to the enclosed request, records which originated in your agency were located:

_____ Document(s) is/are being referred to you for direct response to the requester of this referral. Please provide us with a copy of your letter to the Requester reflecting your final determination in this Case.

_____ Document(s) is/are being referred to you for review and determination of release/denial. Please return the document(s) to us, making deletions as necessary and citing the appropriate FOIA exemption if deletions have been made.

In reviewing this request, it was noted that the requester asked for records from your agency.

____✓____ A copy of the request is being referred to you for direct response to the requester for that portion which applies to your agency.

_____ Additional information:

If you have questions concerning this referral, please contact Jo-Alice Rogers of my staff at (202) 690-7453.

# FREEDOM OF INFORMATION ACT REQUESTS

November 15, 2006

Department of Health and Human Services
Robert Eckert
Director, FOIA/Privacy Division
Room 645F, HHH Building
Washington, D.C.  20201

Dear Mr. Eckert:

In accordance with the *Freedom of Information Act, 5 U.S.C. § 552 (a) (1) and (2) (as Amended by Public Law No. 104-231, 110 Stat. 3048),* I am herewith requesting the following records and information:

□   *Interview Reports.*

1.    The name, rank and location of all law enforcement personnel responsible for conducting interviews and composing interview reports on investigations pertaining to me;

2.    Interview reports of all law enforcement investigations conducted in connection with information extracted from me via of MKUltra and all other neurological intelligence technologies during the time I resided in Washington, D.C. from 1987 through 1995; and

3.    Interview reports of all law enforcement investigations conducted in connection with information extracted from me via of MKUltra and all other neurological intelligence technologies during the time I resided in Cleveland, Ohio from 1995 up to and included the date that your response is prepared and transmitted.

4.    Copies of police and investigations reports pertaining to the efforts of Bureau personnel, personnel of any other government agency, any civilian (i.e., individuals or entities) to resolve my complaints for sexual assault, battery and harassment.

5.    Copies of all interview (or other) reports recording any contacts made to me by Bureau personnel, any other government personnel, any civilian (i.e., individuals or agencies) concerning their efforts to resolve my complaints for sexual assault, battery and harassment.

□   *Medical Records and Reports.*

1.    All medical records recorded in connection with the use of intelligence technologies on me by the Federal Bureau of Investigation and other working in conjunction with it. The records should include the purpose of such procedures; the name(s), ranks of authorizing party(ies); physicians (i.e.,

addresses; phone numbers; place of employment; medical specialty(ies)); medical (or any other) facilities where procedures were conducted if other than place of employment; detailed descriptions of the kind(s) of invasive or noninvasive procedures conducted on me that enables Bureau and other government personnel and civilian operatives to monitor my brain activity; sight and sound; dates and times of procedures; the kinds of pharmaceuticals (including prescription numbers) used in connection with same procedures and all pharmaceuticals still being used on me and all addition information pertaining to these procedures that are included in your files;

2.    Copies of all medical records submitted to your agency by Bureau and/or non-Bureau physicians, **located anywhere in the world; and especially, Washington, D.C. and Cleveland, Ohio**.

3.    Copies of all medical records pertaining to any diagnoses and treatments for psychosis or any other mental dysfunction.

□ *Powers of Attorney; Authorizations; Consent Forms, Permissions Slips; Contracts or Agreements.*

1.    Copies of all *Powers of Attorney*, (allegedly) signed by me in connection with any person, place, thing or situation.

2.    Copies of all *Authorizations*, (allegedly) signed by me in connection with any person, place, thing or situation.

3.    Copies of all *Consent forms*, (allegedly) signed by me in connection with any person, place, thing or situation.

4.    Copies of all *Permissions slips*, (allegedly) signed by me in connection with any person, place, thing or situation.

5.    Copies of all *Contracts and Agreements (General)*, (allegedly) signed by me in connection with any person, place, thing or situation.

6.    Copies of all *Contracts and Agreements (Marital)*, pertaining to marriages or any other partnership(s) in which I am named as a participant.

□ *Invitro Fertilization and Genetic Research.*

1.    Copies of all records pertaining to the extraction of embryonic substances and embryonic stems from my persons to impregnate others and the names and locations of Bureau authorizing parties and physicians conducting these procedures.

2.    The names and addresses of agents, other law enforcement personnel and civilians (individual or entities) that are the benefactors of the procedures stated above.

3.    Copies of all records pertaining to any Bureau personnel, any other government agency(ies) and civilian (i.e., individuals or entities) claiming to be a spouse, partner or otherwise affiliated with the undersigned who have presumed the authority to authorize the procedures stated above.

❑ *Media Matters.*

1.    Copies of all interview reports submitted by media personnel pertaining to the undersigned.

2.    Copies of all requests for information submitted to the Bureau by media personnel pertaining to the undersigned.

❑ *Health-Related Paranormal Activities.*

1.    Copies of any reports you may have in your files pertaining to paranormal activities and individuals reported in the area of the State of Ohio; and in particular, the area of Cleveland, Ohio.

❑ *FOIA Requests.*

1.    Copies of (all) FOIA requests submitted in my name previous to this one.

I have enclosed for your convenience a copy of a Form DOJ-361 (Certification of Identity).

If you have any questions or need further specifics pertaining to the above, please contact the undersigned at the address indicated. Inasmuch as the sum total of these requests may be quite voluminous, it might be prudent to transmit them n proportionately; or, you may contact me when they are ready and I will arrange to pick them up.

Thank you for your attention in these matters.

Yours truly,

Hanan S. Rashada
P.O. Box 14211
Cleveland, OH  44114
(216) 339-6679

Enclosure

3

**U.S. Department of Justice**                **Certification of Identity**



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Hanan Sahirah Rashada

Citizenship Status [2]  Citizen          Social Security Number [3]  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

Current Address  P.O. Box 14211, Cleveland, OH  44114 (mailing address)

Date of Birth  January 28, 1947          Place of Birth  Cleveland, Ohio; U.S.A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Hanan T Rashada_          Date  November  16, 2006

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Not Applicable

### Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 27, 2006

Hanan S. Rashada
1795 W 25th Street, #732
Cleveland, OH   44113

Reference # 1063972
Our Records indicate the above
FOIA case was closed on 12/01/2006

Dear Requester:

    This is in reference to your Freedom of Information  Privacy Act  (FOIPA) request letter
dated November 9, 2006 concerning miscellaneous documents from other agencies.  The
information you seek does not fall under the purview of FOIPA.  Rather the FOIPA requires
agencies to provide access to reasonably described, nonexempt records.  The questions posed
in the referenced letter are not FOIPA requests because they do not comply with the FOIPA and
its regulations.  Based on the information in your request, you should contact the Agencies,
Company's and Authorities  which you have indicated in your letter of  December 8, 2006.  A
search of our Central Records Index shows no files relating to you under the FOIA guidelines.

                    Sincerely yours,

                    David M. Hardy

                    David M. Hardy
                    Section Chief
                    Record/Information
                     Dissemination Section
                    Records Management Division

# Exhibit H



**Exhibit I**



**Exhibit J**





**Exhibit J**





**Exhibit J**





**Exhibit J**

·sday, January 11, 2007    **The Plain Dealer** ┃ Breaking news: cleveland.com

**Arts & Life**
# COMICS&DIVERSION

**PEARLS BEFORE SWINE** | STEPHAN PASTIS

  

**SALLY FORTH** | GREG HOWARD

 

# Exhibit K



**Exhibit K**

sday, January 11, 2007    **The Plain Dealer** ǀ Breaking news: cleveland.com    **Arts & Life**

# COMICS & DIVERSION

**PEANUTS** ǀ CHARLES M. SCHULZ



**JUMP START** ǀ ROBB ARMSTRONG



## Exhibit K

Cat12, Hemann

# U.S. District Court
## Northern District of Ohio (Cleveland)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00168-KMO
### Internal Use Only

Rashada v. Gonzales
Assigned to: Hon. Kathleen M. O'Malley
Cause: 42:1983 Civil Rights Act

Date Filed: 01/19/2007
Jury Demand: None
Nature of Suit: 895 Freedom of
Information Act
Jurisdiction: Federal Question

**Plaintiff**

**Hanan S. Rashada**

represented by  **Hanan S. Rashada**
P.O. Box 14211
Cleveland, OH 44114
PRO SE

V.

*357 – 17000 – CLE, OH*

**Defendant**

**Alberto R. Gonzales**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2007 | 1 | Complaint against Alberto R. Gonzales. Filed by Hanan S. Rashada.No filing fee paid. Copy to plaintiff. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Civil Cover Sheet)(C,BA) (Entered: 01/22/2007) |
| 01/19/2007 |  | Random Assignment of Magistrate Judge pursuant to Local Rule 3.1. In the event of a referral, case will be assigned to Magistrate Judge Hemann. (C,BA) (Entered: 01/22/2007) |
| 01/19/2007 | 2 | Motion to proceed without prepayment of fees filed by Hanan S. Rashada. (C,BA) (Entered: 01/22/2007) |

## EXHIBIT L

**<u>FOR YOUR INFORMATION</u>**

February 8, 2007


The Chesterfield
1801 East 12th Street
Cleveland, Ohio  44114

Attn:  Shirley, Property Manager

Inasmuch as The Chesterfield has failed and refused to uphold its part of its Lease Agreement; it has failed and refused to stop sexual assaults and harassment I have endured since the first night I moved into The Chesterfield Suite #1305 via of operatives using intelligence technologies; it has failed to honor my request for a transfer to another apartment because it has agreed with the same operatives to keep me in Suite #1305 so that they might continue to hover over me at night to sexually assault and harass me via intelligence technologies, I see no need to uphold my part of its Lease Agreement.

Any person(s) seeking to take advantage of my intelligence so that they might function better in their businesses and careers, should negotiate with and compensate me, and not some landlord. Therefore, you are hereby given notice that I will vacate the premises of The Chesterfield on or before the 28th day of February, 2007 and I will return all The Chesterfield items (i.e., keys and card) and The Chesterfield will return my deposit of $1,040.00.

The last sexual assaults and harassment via of operatives using neurological technologies that occurred at The Chesterfield occurred on the evening of February 7, 2007 and during the early morning hours of February 8, 2007.  I contacted the security guard at the front desk at approx. 11:45 p.m. to report these assaults, to no avail.  A handwritten notice was delivered to your offices at approx. 5:50 a.m. on the above date.


Most sincerely yours,



Hanan S. Rashada


cc:     Chief Justice Thomas J. Moyer, Ohio Supreme Court
        Judge Kathleen M. O'Malley, U.S. District Court
        Judge Raymond L. Pianka, Cleveland Housing Court

February 10, 2007


The Chesterfield
1801 East 12th Street
Cleveland, Ohio  44114

Attn:  Shirley, Property Manager

Since giving notice to The Chesterfield that I will vacate by February 28, 2007 and no communication has been forthcoming from The Chesterfield to transfer me to another apartment, on the morning of February 9, 2007, I stopped at the front desk to place two work orders:
(a)    Repair the garbage disposal which is located inside the kitchen sink that leaks into the cabinet beneath it; and
(b)    Repair the refrigerator.  The light inside of it was burned out and the doors were misaligned. Items placed inside of it barely kept chilled.

Apparently, however, based on information I received this afternoon, the repair orders were misconstrued as something more. Whomever is responsible for this mistranslation decided (for me) that since I am there for only a short time, I should have been satisfied with a sink and refrigerator that were dysfunctional [?]   Otherwise, I am unable to make any sense of this.   Nevertheless, if this is the understanding of The Chesterfield, this letter should clear it up:


1.    The repair orders were taken by Lorain who was seated at the front desk. As far as I understand it, this is how repair orders are placed. The repair orders were not intended as a means to withdrawing my termination notice or anything other than repair orders.


2.    I do not know who attempts to translate my intentions regarding the work orders, but, they do not represent me. Anyone representing me would be obligated to understand and translate my thinking adequately.


3.    Anyone approaching The Chesterfield claiming to represent me, should be referred to me. If I do not contact you and the respective  Courts listed below, you may rest assured that you have been duped by this person(s).  I have not (as yet) appointed any legal representatives (or otherwise) to approach The Chesterfield.  In reviewing the Lease Agreement I signed, you will find that my name with signature is the only one listed as leasee.  It is interesting to me that people have nothing better to do than relentlessly slip around behind my back meddling into my affairs without consulting with me. Even more interesting is how very easily they swindle those they approach.  I have no spouse, partner, nor roommate and anyone presenting themselves in my behalf represents their own interests and not mine.  It is amazing that this nonsense has continued.

Also, this is to advise you further that:

1.     **On the evening of February 9th and early morning hours of February 10, 2007, further assaults and harassment occurred.  For the duration of the time that I remain at The Chesterfield assaults will (ultimately) result in a lawsuit for consideration in the amount of one million dollars for each additional assault and each night**.

2.     **The cost for all damages made to the premises of Suite #1305 in the process of me warding off attackers should be absorbed by The Chesterfield and not be deducted from my deposit**.

3.     I have no way of knowing if it will be necessary, but, in the event that further repairs are needed during the time I reside at the Chesterfield, they should not be misconstrued as anything other than repair orders and not insinuations of any kind.


Sincerely,



Hanan S. Rashada


cc:     Chief Justice Thomas J. Moyer, Ohio Supreme Court
        Judge Kathleen M. O'Malley, U.S. District Court
        Judge Raymond L. Pianka, Cleveland Housing Court

February 22, 2007


Office of Legal Counsel
Nation of Islam
7351 Stoney Island Avenue
Chicago, IL  60649

**Re:    *Contractual Agreements and Records***

Dear Sir or Madam:

      At different intervals during 1998 through 2003, I attended Muhammad Mosque No. 18 when Min. Richard Muhammad was the presiding minister.  My last visit to Mosque 18 was sometime during the summer of 2003.  Nonetheless, it has come to my attention that the Nation of Islam and others acting with it, have, and continue to, intervene in my business affairs.  Inasmuch as I have no contact with the Nation of Islam and have not for quite some time and to my knowledge, have no contractual agreements with it, I am curious to know how it has intervened in my affairs; to monitor my life interactions, my telephone and telephone conversations and to give anyone permission to enter my home.  In this regard, I am requesting that you forward to me copies of any records in your files that include consent forms, contractual agreements, marital agreements, medical records and any other contract that allegedly exists between me and the Nation of Islam and other parties working with it.   Forward said copies to me at the following address:

                    P.O. Box 14211
                    Cleveland, OH  44114

      If no such records are included in your files, I would appreciate learning from you who in your organization is responsible for intervening in my affairs and the reasons why.  I would appreciate receiving a response from your offices by March 15, 2007.

      Thank you for your attention in this matter.


                    Sincerely,

                    Hanan S. Rashada